May I have the clerk please call the case? Case number 316-0316. People of the State of Illinois and Appalachia by Stephanie Raymond v. Drew Barger, Atomic by Adam Newton. Please proceed. Good morning, Your Honors. Good morning. Counselor, my name is Adam Newton. I'm a specific health defender and I represent Mr. Barger, the defendant in this one. May it please the court. The defendant was convicted of non-count possession of child pornography of a disabled individual and child under 13 years old. On appeal, the defendant argues that his conviction should be reversed because the photo in exhibit 4 is not lewd. And if it is lewd, the State has not proved beyond reasonable doubt that the girl in the picture was under 13 years old. I want to focus our time this morning on the second part regarding proof of age. However, I want to reiterate one brief point regarding this court's analysis on whether the photo is lewd. Just briefly, whether the image is lewd is based on several factors, only one of which is nudity, which is to say that nudity should not control that entire analysis because as the Supreme Court has held, nudity without lewdness is not child pornography. Now, if this court does find that the photo is lewd, it should still reduce the defendant's conviction to a Class III felony because the State cannot prove beyond reasonable doubt that the girl in the photo was under 13 years old. Simply stated, there is no way to find that the girl in exhibit 4 is under 13 based only on common observations and everyday experiences. And any attempt would just be left to a guess. In some situations, it could be possible that the trier effect, using common observations, would be able to determine the age of a child. Say, for example, with a toddler where it would be obvious that the child is under 15 years old. However, in this case, where the child is older and age is more difficult to question, the trier effect can't realistically base its decision only on common observations. Now, let's trace the language of the amended child pornography statute where the legislature removed the section that stated that the trier effect could rely on their own everyday observations and common experiences to determine the age. By changing the statute, the legislature intended to no longer rely solely on common observations and everyday experiences. Similarly, in this court's decision in Peoples v. Phillips, which was offered by Your Honor Justice Schmidt, the majority at least agreed with Justice Slater's dissent that there could be situations where the trier effect could not rely on its own observations and everyday experiences and that some additional evidence would be necessary. Well, in Phillips, I think the issue is whether it was virtual porn, whether this was a photograph or some kind of high-tech cartoon. That's right, Your Honor. The question in Phillips was whether the photo, the image in that case, was a real child or, let's say, photoshopped, for lack of a better term. However, I believe that it's still the same, the theory is still the same, that at least in some situations, it would be beyond common observations of the trier effect to make that determination. And at some point, you would need some extensive evidence to at least bolster that argument to prove that the age of the child in this case. In this situation, the state needs to bring in an expert to explain what the child's age could be. Based on scientific evidence, comparing physical characteristics of children that could be of the same age. You're not suggesting that's required, are you? Well, in some situations, it would be required to prove beyond a reasonable doubt, but not procedurally required, Your Honor. If the state didn't do it, they would run the risk of reversal on appeal. I think after at least one or two reversals that way, the state would at least be wise and start adding this expert. Hopefully there aren't that many cases. I absolutely agree, Your Honor. However, in this case, the state needed to have a little bit more evidence. They couldn't base it completely on the base of the photo. I can see your argument that there's an issue between a 12-year-old and a 13-year-old. I'm trying to decipher or determine what that difference is. If you've got somebody who's 8, the need for an expert or other testimony shrinks a little bit, doesn't it? Well, the problem, Your Honor, is getting to that. Based on common knowledge, what does that look like? What does a 13-year-old look like? What does an 11-year-old or a 12-year-old look like? How do you get there? How does the tragic fact comment per se that this child in the photo looks like an 8-year-old? Based on what? It is common knowledge that physical development comes with puberty, but at what exact age that that begins is not within common knowledge in everybody's experience. Now, the state argues that the girl in this photo must be under 13 because she lagged on breast development and developmental signs of puberty. But the state does not suggest any age range where puberty begins, or at least within the common knowledge. As Your Honor was just asking, is it common knowledge that all girls must show signs of puberty by the age of 13? How does a 13-year-old child look different than a 12-year-old or 11-year-old child? Based on common observations. Based on what? There's no accurate common understanding of what a 13-year-old looks like, a 12-year-old looks like, a 10-year-old looks like. If anything, it's because of our everyday observations and common experiences that we don't know that. Our common observations will tell us that children develop at different rates, and it makes it difficult to narrow down what the age could be. As you know, there's transitional period where it's unclear what the age could be, and that's why, especially in this case, there needs to be some expert testimony to at least get us there. For example, in Pueblo, Utah, there was actually a board-certified pediatrician called the TESTIFY. He was only able to estimate the age of the child between the range of 6 years, based on some objective scientific comparison. How can the question of age then be left to common observations and experience, where a trained expert can only narrow that age range down to a majority of 6 years? That's why, in this case, the quote itself was not enough evidence to prove beyond a reasonable doubt that the child's description was 13 or below any age. And that's why it's better to ask this court to reverse this conviction or to reduce this conviction to a classically valid 39 percent. Thank you. I'd like you to speak a little more to the first issue, the other issue. It's quite important, but the picture is not good. Is there anything specific that you'd like me to address? I'd like you to go down the six factors. Okay. Here they are. As we laid out, there are six factors that the Supreme Court has offered in pubic planning. The first point, the first issue, excuse me, the first factor, is whether the focal point of the conviction is on the child's genitalia. In this case, we argue that it was not focused on the genitalia. The photo was shot directly straight ahead. It was focused almost entirely on the child itself. Although, as we argued, although the viewer could be drawn to focus on the nudity, it is not apparent that the image was designed to focus anyway on nudity. The second of the landmark factors is whether the setting of the depiction is sexually suggestive. To give the example of if it's in a place or a pose generally associated with sexual activity. As we argued, the setting is on a beach. There's nothing generally associated with sexual activity on a beach. In the pose, she is sitting on top of a, what looks like a tenor ball, because the child was found to be a tenor ball. There's nothing sexually suggestive about the pose. If she were wearing clothes, there really wouldn't be any other, no new things placed about this picture. Of course, if she was wearing clothes, you wouldn't be there. Well, that's absolutely correct, which leads to where we started, where nudity, factor four, is still only one factor to consider. That's why the court can't rest completely on the fourth factor, because if the child wasn't nudity to begin with, we wouldn't be here. Effectively, really quickly, factor three, whether the child depicted is in a natural pose or in inappropriate attire, considering the age of the child. Kind of overlaps with the second factor. However, nudity itself is not an inappropriate attire. It's no attire at all. And again, the pose of a girl sitting on a tenor ball or attire... It's like a swing, isn't it? Yeah, it's not a natural one. The only unnatural thing is that the girl is nude. It's not something that would be... The pose itself is not something that would be ordinary, but for the fact that the girl is nude. Number five, whether the visual depiction suggests sexual coyness or willingness to be engaged in sexual activity. Again, there's nothing that comes through in the photo exhibit for itself that the girl is being sexually coy or at least available for sexual activity. She's not even paying attention, but at least it looks like she's not even paying attention in the photo. She's looking off to the side. And there's really nothing about her pose or anything that's obvious that would lead the viewer to believe that it's based on sexual activity. Finally, the sixth factor, which we pointed out is really up in the air as far as it's been applied. Whether the visual depiction is intended or designed to elicit a sexual response in the viewer. I hope that we made it clear that that factor has really been widely applied. However, in this case, the factor doesn't appear to be... It deviates at your point of view, and if anything, that factor just simply does not apply in this case. And for those reasons, why would we apply the fact request that's according to the person's image? Thank you for your clarification. Absolutely. You're welcome, Your Honor. You know, on the last factor, on six, does that rely on the type of person who's viewing it? I don't believe so, Your Honor. But that's some of the questions that the courts then have read, or at least applied the factors really up in the air on. I mean, if the picture normally wouldn't elicit this kind of... I mean, it wasn't designed to the attendance of a normal person, but if the person wasn't pedophile, that would be different. Well, I don't believe that that's how the sixth factor is applied. The court has previously said that a photo in the hands of a pedophile does not make it child pornography. However, I do agree that some cases have applied the sixth factor to how it is intended to be viewed. In other words, how a person in the defendant's position or people in that kind of position would view it. I think that's how some courts have applied it, Your Honor. But again, even if that is the case, there's nothing obvious from the forefront of this picture that would suggest that it was created for that reason. Looking at the picture, it's no different than other nudist pictures that are available and not considered child pornography. Same thing with those certain pictures that are considered art. Counsel has two minutes. Thank you. If there are no further questions, again, the defendant requests this court reverse his conviction outright, or in an alternative, reduce his conviction to a Class III felony and remand or sentence. Thank you, Your Honor. May it please the Court, Your Honors. Counsel. My name is Stephanie Ryan, and I represent the people of the state of Illinois in this matter. I'd just like to address this age argument first, and then I can circle back around to the facts. The defendant suggests that, or rather states that they did amend the language in 2012 to remove this common experience, or that it removed this common experience of language. However, I would point to the fact that the statute still does contain the sentence that whether or not the child in the image is under 13 years of age is a determination for the trier of fact. The legislature left that in there because they believe it's fair for it to do so. To accept the defendant's argument about this age would mean that every trier of fact, judge or jury, would have to share their human experience when they walk into the courtroom. This issue of age, whether or not the child has attained puberty, is something that we've all experienced. We've all been through puberty. We've all seen it. We've been around it. Whether we actually have children and whether any of us has actually seen a naked child is irrelevant to the fact that certain signs of puberty are visible. In this photo, none of those are present. Not even anything close to what would be considered the start of puberty or anything. The development is such that she's well below the age of 13. The defendant points to these common signs in his brief about breast development, puberty, things of that nature. None of which are present in this photo. The trial judge discussed the fact that he could tell that there was no development. In comparing them to the other photos that were in the trial, he was able to determine that some of the girls in the other photos showed these signs of puberty with the development of breasts and hips. So it's the human position that the defendant should have reasonably known that the victim in this photo was well below the age of 13. In fact, Henry, the detective for the police department, testified that in his opinion she would be about 7 to 8 years old, which is 5 years below the age of 13. Even if he were wrong, it was nowhere near. We're getting nowhere near the age of 13. It's not an issue of was she 12 or 13. It's the people's position that the victim in this photo was well below 13 and that the defendant should have known that. Regarding the factors, it's the people's position that all of the factors are present. Yes, nudity is only one factor to which the defendant concedes. However, the photo in the people's opinion shows that all of the factors are present. The first factor being the focal point, which the camera angle and the closeness of the photo satisfy that first factor. Unfortunately, the viewer's attention on the photo is drawn directly to the child's torso area, which would be her breast and pubic area. The second, in Schuster they discussed a bathtub, which is not generally or could not generally be determined to be a place of sexual activity or associated with such. However, it is often a place that is portrayed in the media as a place for sexual activity or fantasy. In this situation, it was on a beach where there was no other people present in the photo. So, beaches are also often associated with sexual activity in the fantasy nature. So, it's the people's position... So, under your view, every place would fail one factor to everyone? No, not necessarily. Well, under your sort of description, what would be included in number two? I mean, I would suppose general places. I don't think it's a general place. It could be anywhere, you're correct. However, in this situation, I mean, just off the top of my head, I can think of the beach specifically being a place of sexual fantasy. What's an example, under the way you describe number two, what's an example of a place that would not meet the definition of number two? The way you're describing it. Off the top of my head, maybe a restaurant? Well, let me ask you, if beaches, nudist camps, right? Correct. Could this just be a photo taken at a nudist camp? It very well couldn't be. And that goes, I mean, there are some sick puppies out there that get excited about any picture of a kid. And it used to be the Christmas catalogs that have underwear such as little kids modeling underwear. And so, there are those out there. So, does that make that pornography if because there's somebody who gets wound up about, gets sexually aroused by seeing this photo? No, but it's in a way more to make clear that it's all these factors combined. So, if taken in isolation, that's not the analysis. It would be all of them together. If there were other factors present in that photo, maybe. But if the photo, the example that you described, it would be like a catalog. I don't believe that the other factors would be present to meet that situation. And let me ask you about Judge Carter's question earlier. And that is, I mean, in the law, can there be a fact that this is pornography in person A's hand but not in person B's hand? So, you're kind of speaking to this factor six a little bit? Yeah. Okay. So, under factor six, though, the court, there was a lot of sort of back and forth on what that factor really meant. But specifically, the court noted that in factor six, it's not the characteristic of the child, but the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles. So. Well, and that goes to a comment you made earlier referring to the child as the victim. And, of course, the reason we punish child pornography pretty severely, which seems appropriate, is because kids are victimized. And they may, these kids may be halfway around the world. And that goes, again, to trying to prove their age. And these pictures may have been taken three years ago, five years ago. Correct. Who knows where. But if a child's sitting on a swing at a nudist camp, and is that child a victim? I don't know. That's what makes these cases so hard to sort of nail down everything. If we would accept defendant's premise regarding the expert testimony, it brings to mind situations like that. There is no possible way to find this, you know, this girl. Or if we have to bring an expert testimony for every single child pornography case under the age, I mean, it would just be, it would be time-consuming, costly, a waste of judicial resources. If the legislature left the language in there that the child, in fact, is responsible for that, then we need a trial practice in place to do that without the need of all this expert testimony. Of course. But I think even the United States Supreme Court and the Illinois Supreme Court have both found pictures that, and obviously they got to those courts because the defendant was convicted. And those courts said, look, this is nothing more than a child or one of these two girls on the beach enjoying the day other than having to be nude. And these are not nude photos, and those courts have reversed those convictions. In this photo, though, I just, I mean, defendant points out that, you know, she wasn't nude, you know, but she was. And she was, you know, maybe playing with a tether ball may not be by itself an activity that, you know, denotes this sort of, you know, sexual activity or anything like that, but the child was nude. She's straddling a tether ball and holding onto a pole. The phallic nature of that photo is undeniable in the people's opinion. So it's that coupled with all the other things together that make this nude. So that it's just, that it's so unnatural for a child to be nude while engaging in the activity she is. Well, let me, is it a rope? Is that a swing? Well, generally with tether ball is. Well, I get it, but have you ever seen ball swings at playgrounds? Right. I mean, it could be a swing, but it's the way that she's sitting on top of it is. Well, and again, people that go to nudist camps apparently do things in the nude that most of us do fully clothed and wouldn't think about doing nude. But that's what that makes it. Ask the question, is it ergo pornographic? It's the people's position that it is. So to speak to the other factors, just quickly, for, of course, you can see that she is in fact nude. She's pushing her hair back in the photo and smiling, of course, and found other situations where that does indicate sexual poyness. And it's the people's position that this photo on the factor six isn't intended to elicit a sexual response from the viewer. If there are no further questions, we just ask that we be done. Thank you. Awesome. Thank you. I'm going to begin with where you started discussing the setting within the six main porn factors. The counselor argued, as well as in the brief, that bathtub or beach is entirely associated with sexual activity. As I believe your item was getting at, in that case, if that were true, the setting would only be limited to the viewer's imagination. And anywhere could be said to be a setting of sexual activity. It's not based on imagination. Justice Schmidt, you were talking about where we started, where if this is a nudist camp, this photo looks exactly like a nudist camp. Although it could be out of ordinary that nudists behave that way, it wouldn't be out of ordinary that they were making a pornographic. In that case, there's nothing out of ordinary that would make the picture nude. It is, of course, a matter of context. And all the factors together in this case show that the photo isn't nude. Of course, you don't need all factors, do you? Well, that's true. It is somebody who took down under certain circumstances where there are cases that we cited where three applied and three didn't apply. However, those three pushed the needle where it's supposed to be. That's why it is up to you. Is there a minimum number of factors? I don't believe so, Your Honor. And I don't think the court would say so either. It would be reasonably. And that goes to what's our standard of review? Well, the standard of review, based on the labeling factors, is de novo. So it's up to Your Honor to decide whether these factors apply together to create a nude exhibition in this photo. Or, as we've discussed, is it just nude? Anything else besides just a nude photo of a girl sitting could be an unscientific school. So the challenge in this issue is you claim de novo. Is that right? Yes, Your Honor. And it's either pornographic or not, I'm afraid, as a matter of law. That's correct. It's either nude and therefore pornographic as a matter of law. Let me follow up on that briefly. Is a lewd or lewdness the same thing as pornographic? Or is it different? And if so, how? That's a good question, Your Honor. I think, again, that's a matter of context where something that is lewd and however the participants are over 18 would be considered pornography, but not be legal. Or in this case, the fact that it wouldn't be a child and lewd would therefore make it illegal under child pornography. I think that's a helpful explanation. Of course, pornography itself, although lewd, is not illegal if it's over 18. Counsel has one minute. Thank you. So in this situation, the fact that it would be a child that is lewd would make it child pornography. So lewdness is an exhibition. That's correct, Your Honor. So it's a combined lewdness, lewd exhibition. That is more precise, which is where the language factors come in, whether or not it will cause, et cetera, a lewd exposition. If I may briefly return to the age issue, experts in this situation would not be time-consuming and a waste of time and resources. Even though counsel is correct that the statute does say that the issue of whether the child depicted is under the age of 13 is an element of the offense resolved by the trier effect, so are many other things, virtually everything. And those things, although I don't have any examples at the moment, some do require expert testimony, expert evidence, to help the trier effect decide or resolve the issue in this case. Again, counsel does say that the child in this case should be subject to development. However, it does not offer any range or any idea of when or at what age development is supposed to begin. Is it 8 years old, 10 years old, 12 years old, how do you know that? If there are no other questions, again, I request that this government-versus-the-commission operate toward reducing the future of this case. Thank you. Thank you both for your arguments on this case. And the court will take this matter under advisement and render a decision. And at this point, we'll take a recess for questions. Thank you.